UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

ROSE HITCHEN                                    CIVIL ACTION

VERSUS                                          NO: 11-1029

SOUTHEAST COMMUNITY                             SECTION: "F" (4)
HEALTH SYSTEMS

<u>ORDER</u>

Before the Court is a **Motion to Reconsider Order, Rec. Doc. 34 (R. Doc. 35)**, filed by

Plaintiff, Rose Hitchen ("Hitchen"), requesting this Court to reconsider its order denying Hitchen's

motion for leave to file a second supplemental and amended complaint. (R. Doc. 19). Defendant,

Southeast Community Health Systems ("Southeast") opposes the motion. (R. Doc. 37).[1]  The

motion was heard on the briefs on May 30, 2012.

I.      <u>Background</u>

Hitchen filed suit against Southeast pursuant to Title VII of the Civil Rights Act of 1964, 42

U.S.C. §§ 2000e *et seq.* ("Title VII") and the Age Discrimination in Employment Act, 29 U.S.C. §§

621 *et seq.*[2]  Hitchen, a 50-year-old African American female, worked as a billing specialist,

document specialist, and front desk employee for Southeast. (R. Doc. 8, ¶ 2). Hitchen alleges that

---

[1]As a Motion to Reconsider, the instant motion may take into account the underlying pleadings once the Motion to Reconsider is disposed of.

[2]On February 29, 2012, Hitchen's age discrimination claims were dismissed with prejudice by the presiding District Judge. (R. Doc. 33.)

a 40-year-old white female employee was promoted over her, despite the fact that the other employee had only been employed at Southeast for a few months.  (R. Doc. 8, ¶ 3).  In response, Hitchen filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC").  (R. Doc. 8, ¶ 3.).  Hitchen alleges that in retaliation, supervisory employees at Southeast began to harass her, she was demoted, her hourly pay rate was decreased, and she was eventually terminated.  (R. Doc. 8, ¶¶ 8-10, 12).

As to the instant motion, Hitchen requests the Court reconsider its order denying her motion for leave to file a second supplemental and amended complaint for failure to meet the "good cause" standard under Federal Rule of Civil Procedure ("Rule")16(b)(4).  Hitchen contends that the issues addressed by the Court were not appreciated by either party, as they had miscalculated the deadline by three days and filed the subject motion under the mistaken belief that it was timely.  Thus, the Court should reconsider its order and grant Hitchen leave to file a second supplemental and amended complaint.

Southeast opposes the motion and argues that Hitchen's mistaken belief regarding the deadline to amend pleadings is not sufficient basis for the Court to reconsider its order.  (R. Doc. 37, p. 3).

## II.  __Standard of Review__

The ruling by which this Court denied Hitchen's motion for leave is a non-dispositive pretrial matter.  Review under Rule 60 addresses final judgments and final orders and does not apply here. *See id.* (Advisory Comment Note to 1946 Amendment, explaining that the use of the word "'final' emphasizes the character of the judgments, orders[,] or proceedings from which Rule 60(b) affords relief . . ."); *see also, Benson v. St. Joseph Regional Health Center*, 575 F.3d 542, 547 (5th Cir.

2009) (applying Rule 60 to final orders and judgments).  The same is true for review under Rule 59 where there has been no trial.  Rule 59; Rule 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies.").

Instead, for this type of pretrial ruling, the Court has the power to "afford such relief from them as justice requires."  *See* Rule 60 (Advisory Comment Note to 1946 amendment).  As such, most courts allow motions to reconsider under the umbrella of Rule 8(f), which requires that all pleadings be construed "as to do substantial justice."  *Louisiana v. Sprint Commc'ns Co.*, 899 F. Supp. 282, 284 (M.D. La. 1995); *see also Century Products Co. v. Cosco, Inc.*, 2003 WL 251957, at *5 (N.D. Tex. 2003) (citing *Louisiana*, and applying the "less stringent" Rule 54(b) standard to motions to reconsider in cases where a decision is not final).

In keeping with this standard, the Fifth Circuit has held that "[i]t is a well established rule of trial procedure that a district court may reconsider and reverse a previous interlocutory order at its discretion."  *Holoway v. Triola*, 172 F.3d 866, No. 98030529, 1999 WL 129656, at *1 (5th Cir. Feb. 2, 1999) (Table, Text in Westlaw) (citing Rule 54(b)).  Pursuant to Rule P. 54(b) "any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities."  *Id.*  Under this provision, the Court is free to reconsider its decision and reverse them for any reason it deems sufficient.[3]  *Saqui v. Pride Cent. America, LLC*, 595 F.3d

---

[3] Some sections of this Court have referenced the factors under Rule 59(e) as a guide in determining whether the movant has provided reasons for reconsideration of an interlocutory order.  *See, e.g.*, *Gulf Fleet Tiger Acquisition, L.L.C. v. Thoma-Sea Ship Builders, L.L.C.*, 284 F.R.D. 146, 151-53 (E.D. La. 2012) (Brown, J.); *Castrillo v. Am. Home Mtg. Serv'ing Co.*, No. 09-4369, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.); *Rosemond v. AIG Ins.*, No. 08-1145, 2009 WL 1211020, at *2 (E.D. La. May 4, 2009) (Barbier, J.); *In re Katrina Canal Breaches*, No. 05-4182, 2009 WL 1046016, at * 2 (E.D. La. Apr. 16, 2009) (Duval, J.).  The four factors under that Rule are: (1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based; (2) the movant presents newly

206, 210-11 (5th Cir. 2010); *Smith v. H. E. Butt Grocery Co.*, 992 F.2d 324, 1993 WL 152106, at *2 (5th Cir. Apr. 27, 1993) (Table, Text in Westlaw).

## III.   Analysis

### A.   Motion to Reconsider

Hitchen argues that this Court should reconsider its order because she misconstrued the presiding District Judge's order; and as a result, miscalculated the deadline to amend pleadings.

As noted in the Court's previous Order, Hitchen's motion for leave was filed on January 15, 2012. (R. Doc. 34, p. 4). According to the Court's original scheduling order, the deadline to file amendments to pleadings was "no later than 30 days from today" - or 30 days from the date of the pre-trial conference. (R. Doc. 18, p.1.).[4] The pretrial conference was held on December 13, 2011. Thus, the deadline for Hitchen to seek leave to amend her complaint was January 12, 2012. Hitchen filed her motion three days after the deadline. (R. Doc. 19). Thus, Hitchen's motion for leave was untimely.

However, given the clarification by counsel, the Court notes further that the record suggests the presiding District Judge granted the parties' joint motion to continue the trial and related deadlines despite not hearing requests on extending all deadlines. The parties' motion requested that the Court (1) extend the parties discovery deadline; (2) extend the parties dispositive motion deadline; (3) continue the trial; and (4) set a new scheduling conference. (R. Doc. 43.) It did not request the presiding District Judge extend the parties' deadline to amend pleadings. The District

---

discovered or previously unavailable evidence; (3) the motion is necessary in order to prevent manifest injustice; or (4) the motion is justified by an intervening change in controlling law.

[4] The District Court entered an Order on August 27, 2012, resetting the Scheduling Conference for September 25, 2012. (R. Doc. 46).

4

Judge granted the consent motion as to the extension of trial deadlines, as well as the trial, with both "to be reset by the Court." (R. Doc. 44). Given the continuance and the pending new scheduling conference, the Court finds that current status of the case constituted good cause such that the short delay in filing constitutes excusable neglect. Because good cause exists to reconsider the merits of the motion to amend, the motion to reconsider the motion to amend the complaint is granted.

### B.   Merits of Hitchen's Second Supplemental and Amended Complaint

As to the merits of her proposed amendment, Hitchen seeks to amend her Complaint to add a Sixth Count under the Louisiana Whistleblower Act, LA. REV. STAT. ANN. § 23:967 (West 1998) ("Whistleblower Act"); (R. Doc. 19-1, p. 1; R. Doc. 19-4, p. 4). She argues that the motion is within the delay for amendments. (R. Doc. 19-1, p. 1). She further argues that "[d]efendant may urge that it is time barred, but that objection can be reserved in any granting of this motion." (R. Doc. 19-1, p. 1).

In opposition, Southeast argues that federal courts do not automatically give leave to amend. (R. Doc. 21, p. 2). They argue that Hitchen's proposed Count 6 is clearly prescribed because her cause of action accrued on April 14, 2010, and expired on April 14, 2011; therefore her proposed Count 6 fails to state a claim under which relief can be granted. *Id.* at 3-4.

Hitchen's response to Southeast's argument that Count 6 is proscribed, Hitchen contends that the amendment "relates back" because "the allegations of Count 6 flow out of Count 5," which itself alleged that Hitchen's "termination was illegal for racial reasons . . . and for retaliatory reasons in that she had filed an EEOC charge." (R. Doc. 27-2, pp. 1-2). *Id.* at 2.

Southeast contends that despite Hitchen's "relation back" argument, the allegations in Count 6 are untimely, because she filed suit on May 2, 2011, more than one year after the state law

prescriptive period for Count 6 expired.  (R. Doc. 31-2, p. 4).

Rule 15 governs amendments to pleadings, and states that "[t]he court should freely give leave when justice so requires."  Rule 15(a)(1).  By extension, Fifth Circuit courts have indicated that a motion to amend should not be denied unless a substantial reason exists to do so.  *Jacobsen v. Osborne*, 133 F.3d 315, 318 (5th Cir. 1998).  When considering whether a "substantial reason" exists, the district court should weigh factors such as (a) undue delay or bad faith on the part of the movant, (b) the repeated failure of prior amendments to cure deficiencies, (c) undue prejudice to the opposing party, or (d) *futility of amendment.*"  *Id.* (emphasis in original).  "The decision to grant or deny a motion for leave to amend lies within the sound discretion of the trial court."  *Baggs v. Terrell*, 2012 WL 1438266, at *2 (E.D. La. Apr. 24, 2012) (Roby, M.J.) (citing *Jacobsen*).  A motion to amend may be dismissed on grounds of futility alone.  *City of Clinton, Arkansas v. Pilgrim's Pride Corp.*, 632 F.3d 148, 152 (5th Cir. 2010).[5]  An amendment can be futile when the proposed cause of action has prescribed.  *Jacobsen*, 133 F.3d at 319.

Assuming *arguendo* that Hitchen has made out a claim under the Whistleblower Act and that federal courts would exercise supplemental jurisdiction over the same, the facts of this case indicate that the amendment would be futile because this particular claim has prescribed.  The Whistleblower Act does not contain a specific statute of limitations.  However, in Louisiana, "[d]elictual actions are subject to a liberative prescription of one year."  LA. CIV. CODE ANN. art 3492 (West 1973).  This one-year period has been applied to claims under the Whistleblower Act.  *See Nolan v. Jefferson Parish Hospital Service District No. 2*, 790 So.2d 725, 733 (La. App. 5 Cir. 2001) (finding

---

[5]On appeal, the Fifth Circuit typically reviews dismissals of motions for leave to amend under the abuse-of-discretion standard; however, when such motions are denied on the basis of futility alone, the Fifth Circuit applies "a de novo standard of review identical, in practice, to the standard used for reviewing a dismissal under Rule 12(b)(6)." *City of Clinton*, 632 F.3d at 152.

Whistleblower Act claims delictual in nature, and therefore subject to 3492).  This one-year period begins to run on the date of an employee's damage was sustained.  *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 582 (M.D. La. 2002) (finding that date of accrual of prescription period began at date employee was transferred, not date of termination).

Here, Hitchen alleges that on April 1, 2010, she gave an oral statement to the Kentwood Police Department in connection with their investigation of the unlawful removal of a controlled substance, Demerol, from Southeast facilities.  (R. Doc. 19-4, p. 3).  Hitchen then alleges that she was transferred to a new work location on the same day, and was fired in retaliation for her statement on April 14, 2010.  (R. Doc. 19-4, p. 2).  Hitchen filed her original complaint in this action more than a year later, on May 2, 2011.  (R. Doc. 1-1, p. 1; R. Doc. 1-1, p. 1; 19-4, p. 3).[6]

The 383 days which passed between April 14, 2010 and May 2, 2011 is far in excess of the 365 days which are considered "one year" under Louisiana law.  LA. CIV. CODE ANN. art 3456 (West 1973) ("If a prescriptive period consists of one . . . year[], prescription accrues upon the expiration of the day of the last year that corresponds with the date of the commencement of prescription."); *Id.* at 3454 ("In computing a prescriptive period, the day that marks the commencement of prescription is not counted.  Prescription accrues upon the expiration of the last day of the prescriptive period . . . . ").  Therefore, regardless whether Hitchen's claim relates back to the date of her original *Complaint* pursuant to Fed.R.Civ.P. 15(c)(1),[7] it is time-barred because although it

---

[6] Hitchen duly amended her Complaint on July 12, 2011.  (R. Doc. 8).

[7] An amendment to a pleading "relates back" when it "asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out - or attempted to be set out - in the original pleading."  *Id.* at 15(c)(1)(B).  Although neither party disputes that Hitchen's proposed Count 6 "arose out of the conduct, transaction, or occurrence" specified in her original Complaint, the plain language of the Rule indicates that "an amendment to a pleading relates back to the date of the original *pleading*."  Rule 15(c)(1).  It does not state that amendments relate back to the date that the *cause of action* accrued.

accrued on April 14, 2010 at the latest, she failed to assert it within the one-year prescription period indicated in 3492 which renders the proposed second amended complaint frivolous.[8]

Moreover, nothing in the plain language of the Whistleblower Act indicates that the one-year period should be tolled *Langley v. Pinkerton's Inc.*, 220 F. Supp. 2d 575, 582 (M.D. La. 2002). Admittedly, other sections of the Louisiana code toll the limitations period in employment discrimination actions for up to six months.  *See* LA. REV. STAT. ANN. § 23:303 (West 1998); *Horiast v. Doctor's Hospital of Opelousas*, 255 F.3d 261, 268-69 (5th Cir. 2001) (analyzing potential tolling effect of filing of EEOC claim for other employment discrimination matters).  However, this tolling provision has not been extended to Whistleblower Act claims.  *See Imbornone v. Tchefuncta Urgent Care, Inc.*, No. 11-3195, 2012 WL 3440136, at *4 (E.D. La. Aug. 15, 2012).  Even where litigants file *related* discrimination claims in the same suit, courts apply different limitations periods to each charge.  *Langley*, 220 F. Supp. 2d at 582 (applying one-year prescriptive period to Whistleblower Act claim, and applying six-month extension to sex discrimination claim).

Finally, Hitchen's obligation to exhaust her Title VII administrative remedies prior to filing suit in District Court does not toll her Whistleblower Act claims.  Here, Hitchen was required to file a timely charge with the EEOC and receive notice of a right to sue under Title VII. *See Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002).  However, any such exhaustion is irrelevant because filing charges with the EEOC does not toll the statute of limitations for state law claims for purposes of 3492. *Taylor v. Bunge Corp.*, 775 F.2d 617, 618-19 (5th Cir. 1985) (applying state statute of limitations arising in connection with inquiry under 42 U.S.C. § 1981).  This outcome has been applied to Whistleblower Act claims. *Langley*, 220 F. Supp. 2d at 581.

---

[8] For reasons explained below the Court notes the presence of relation back but need not dispose of the issue, because the instant motion can be disposed of without reaching it.

In sum, because the one-year time limit for Hitchen's filing Whistleblower Act claim prescribed before she filed the subject motion seeking leave to amend, the claim is not timely and the proposed amended complaint is frivolous, rendering the matter futile.

**IV.**    **Conclusion**

Accordingly,

**IT IS ORDERED** that Plaintiff, Rose Hitchen's **Motion to Reconsider Order, Rec. Doc. 34 (R. Doc. 35)** is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff Rose Hitchen's **Motion for Leave to File Second Supplemental and Amended Complaint (R. Doc. 19)** is **DENIED**.

New Orleans, Louisiana, this 20th day of September 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**